U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 1 2010

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STEVEN KEITH GREEN,                §
                                   §
          Applicant,               §
                                   §
VS.                                §   NO. 4:09-CV-457-A
                                   §
SHERIFF DEE ANDERSON,              §
                                   §
          Respondent.              §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Steven Keith Green ("Green") is applicant and Dee Anderson, Sheriff, Tarrant County, Texas, is respondent.[1]  This is an application for writ of habeas corpus in which Green, a state pre-trial detainee, seeks relief pursuant to 28 U.S.C. § 2241. Having considered the application, the response of respondent, Green's reply and other supplemental filings, and the pertinent legal authorities, the court concludes that the application should be denied.

---

[1] The title of the document filed by Green was "Petition for Writ of Habeas Corpus."  Consistent with the wording of 28 U.S.C. § 2241, the court is referring to the document as an "application" and is referring to Green as "Green" or "applicant."

I.

Procedural Background and Claims Presented

Green on May 23, 2008 was indicted for the offense of sexual assault of a child younger than seventeen years of age.  At the time of the filing of the instant application Green was incarcerated in the Tarrant County Jail pending a $60,000 bond. On July 8, 2009 Green filed a state application for writ of habeas corpus challenging the court's revocation of his appearance bonds on April 21, 2008 and December 18, 2008.  No action was taken by the state court on the application.

In his federal application for habeas relief pursuant to § 2241 Green alleges (1) violation of due process rights by being subjected to "illegal electronic monitoring, pre-trial detention and forfeiture of [his] money prior to conviction,"  App. at 5; (2) deprivation of his property while released on bond by being required to pay for community supervision, electronic monitoring, and drug testing; (3) deprivation of liberty by being subjected to home curfew and electronic monitoring, and due to his incarceration in the Tarrant County Jail; and (4) infliction of punishment prior to conviction due to his home curfew and electronic monitoring.

II.

Analysis

A.   Exhaustion of Remedies

Respondent initially argued that Green failed to fully exhaust his administrative remedies.  However, based on Green's supplemental pleadings, it now appears that Green has exhausted his administrative remedies.

B.   Release From Prison

On January 5, 2010 Green filed a document with the court indicating he is no longer incarcerated in the Tarrant County Jail but is apparently living in a private residence. Accordingly, any of Green's claims that pertain to his incarceration or denial of bond are moot, as he is no longer in custody for purposes of § 2241.  See Shokeh v. Thompson, 375 F.3d 351 (5th Cir. 2004).

C.   Merits

Although set forth as separate issues, all of Green's claims concern the revocation of bond or the conditions of bond imposed on him by the trial court.  As to the revocation of his bond, Article 17.09 of the Texas Code of Criminal Procedure specifically authorizes the trial court to order revocation of a previous bond and institute a new bond for any of the enumerated

reasons or "for any other good and sufficient cause."  Tex. Code Crim. Proc. Ann. art. 17.09 (Vernon Supp. 2009).  As the statute grants the trial court broad discretion to revoke and increase bond, and as Green has offered nothing other than conclusory assertions challenging the revocation and increase, the court concludes that any of Green's claims concerning the revocation and increase of his bond are without merit.  See Miller v. State, 855 S.W.2d 92, 93 (Tex.App.--Hous. [14 Dist.] 1993, writ ref'd).

Green's claims concerning home curfew and electronic monitoring are equally without merit.  The Texas Code of Criminal Procedure authorizes the court to impose reasonable conditions of bail to both ensure the defendant's appearance at trial and for the safety of the community.  Tex. Code Crim. Proc. Ann. art. 17.40 (Vernon Supp. 2009).  Further, articles 17.43 and 17.44 specifically authorize the imposition of home curfew, home confinement, electronic monitoring, and substance abuse testing as conditions of bond, and authorize the court to impose on the defendant the costs of these additional conditions.  Id. at arts. 17.43 and 17.44.  Given Green's indictment for sexual assault of a child younger than seventeen years of age and previous conviction for burglary of a vehicle, the state court was well within its discretion to impose additional conditions on his

4

bond.  See Ex parte Anunobi, 278 S.W.3d 425, 427-28 (Tex.App.--
San Antonio 2008, no pet.); Burson v. State, 202 S.W.3d 423, 426
(Tex.App.--Tyler 2006, no pet.).  Green has presented nothing in
his application that raises a federal constitutional violation as
would afford him relief.  Showery v. Samaniego, 814 F.2d 200, 201
(5th Cir. 1987) (citing 28 U.S.C. § 2241(c)(3)).  Further, in his
prayer for relief, Green asks the court to void the present
indictment and prevent prosecution of the charges against him, a
request the court declines.  See Kugler v. Helfant, 421 U.S. 117,
123 (1975) (discussing the Supreme Court's "fundamental policy
against federal interference with state criminal prosecutions,"
quoting Younger v. Harris, 401 U.S. 37, 46 (1971)).

III.

Order

     Therefore,

     For the reasons discussed herein,

     The court ORDERS that the application of Green for writ of
habeas corpus pursuant to § 2241 be, and is hereby, denied.

     The court further ORDERS that all motions filed in the
instant action not previously ruled upon be, and are hereby,

5

denied as moot.

    SIGNED January 21, 2010.

_____
JOHN McBRYDE
United States District Judge